## W. C. BROADWELL v. P. M. KELLY.

An exception taken by a defendant to a petition, on the grounds that his name has been incorrectly stated, will be regarded as frivolous, when his true name is not disclosed.

A frivolous exception cannot prevent a cause from being put at issue, when an answer has been filed with the exception.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*Clark & Bayne*, for plaintiff. *Hyams, Labatt & Jonas*, for defendant and appellant.

COLE, J. The plaintiff is the payee of two promissory notes signed by the defendant, under the name of *P. M. Kelly.*

The defendant excepted to the petition, on the ground that his name is incorrectly given, and that he is not bound to answer until the same be correctly stated, and he further alleged, that in case the exception be overruled and not otherwise, then he pleads a general denial, &c.

The case was fixed for trial, and there was judgment overruling the exception and in favor of plaintiff's demand.

Defendant has appealed, and insists that his exception ought to have been fixed for trial before the fixing of the cause upon its merits.

It appears that the cause was fixed for a certain day. The exception was frivolous, because defendant did not disclose his true name, if an erroneous one had been given by plaintiff.

The District Judge had the right to order the exception to be tried upon the same day with the merits, if he considered it frivolous.

Besides, defendant did not object at the time it was fixed, or apply for a continuance, if he were not ready for trial. A frivolous exception cannot prevent a cause from being at issue, when an answer has been filed with the exception. The latter has no real existence, and may be overruled at the trial.

Judgment affirmed, with costs.